UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARRY S. ZIGICH, JR., | Civil Action No. 17-2659 (MAS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| STEPHEN JOHNSON, et al., | |
| Respondents. | |

Pro se Petitioner Garry S. Zigich, Jr., a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, files the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254." Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014).1 Plaintiff also neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed in forma pauperis, as required under L.Civ.R. 81.2(b).

IT IS therefore on this 25TH day of April, 2017,

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the

---

1 Petitioner argues that he "can not figure out how to answer some of the questions in the designated forms" for a § 2254 petition. (Pet. 1, ECF No. 1.) However, the Court has reviewed Petitioner's filings and finds him extremely articulate, which begs the question why he finds the standard form difficult to complete, when every other § 2254 petitioner that appears in front of this Court has had no problems completing the form.

statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]");

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014);

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form and the appropriate filing fee; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE